RECEIPT #
AMOUNT $ NW
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK
DATE 3/4/04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Khay Le,
      Plaintiff    ) 04 10463 EFH
                            )
vs.                      ) CIVIL ACTION
                            ) NO.
Fairhaven Fishing Corp.,  MAGISTRATE JUDGE
      Defendant   )

**PLAINTIFF'S COMPLAINT AND JURY TRIAL DEMAND**

Now comes the plaintiff, Khay Le, in the above-entitled action and says:

**THE PARTIES**

First:  The plaintiff is a resident of the City of New Bedford, County of Bristol, Commonwealth of Massachusetts, a seaman, and at all times hereinafter referred to, a member of the crew of the F/V PAUL & MICHELLE.

Second:  The defendant, Fairhaven Fishing Corp., is a corporation duly organized under the laws of the Commonwealth of Massachusetts with a principle place of business in the City of New Bedford, County of Bristol, Commonwealth of Massachusetts.

**COUNT I**

Third:  The defendant, Fairhaven Fishing Corp., at all times referred to owned, operated, controlled and managed the F/V PAUL & MICHELLE.

Fourth:  On or about May 31, 2002, the plaintiff was in the employ of the defendant, Fairhaven Fishing Corp., as a seaman aboard the F/V PAUL & MICHELLE.

Fifth:  On or about May 31, 2002, while the said F/V PAUL & MICHELLE was in navigable waters and while the plaintiff was in the exercise of due care in the performance of his duties, he sustained severe and painful personal injuries.

Sixth:  The injuries sustained by the plaintiff were not caused by any fault on his part, but were caused by the fault

of the defendant Fairhaven Fishing Corp., its agents or servants, as follows:

   (a)  Failure to use due care to provide and maintain a seaworthy vessel with safe and proper appliances.

   (b)  Failure to use due care to make reasonable and periodic inspection of said vessel, its equipment and appliances.

   (c)  Failure to use due care to furnish the plaintiff with a reasonable safe place in which to perform the work.

   (d)  Failure and negligence of fellow employees.

   (e)  Failure and negligence in other respects that will be shown at trial.

   Seventh: As a result of the said injuries, the plaintiff has suffered great pain of body and anguish of mind, lost a great deal of time from his usual work, incurred medical and hospital expenses, and has suffered and will suffer other damages as will be shown at trial.

   Eighth: This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

   WHEREFORE, the plaintiff demands judgment against the defendant Fairhaven Fishing Corp. in the sum of SEVEN HUNDRED FIFTY THOUSAND ($750,000.00) DOLLARS together with costs and interest.

## COUNT II

   First: The plaintiff reiterates all the allegations set forth in Paragraphs "First," "Second," "Third," "Fourth," "Fifth," "Sixth," "Seventh," and "Eighth," above.

   Second: The injuries sustained by the plaintiff were due to no fault of his, but were caused by the unseaworthiness of the defendant Fairhaven Fishing Corp.'s vessel.

   Third: As a result of the said injuries, the plaintiff has suffered great pain of body and mind, lost a great deal of time from his usual work, incurred medical and hospital expenses, and has suffered and will suffer other damages as

will be shown at trial.

Fourth:  This cause of action is brought under the same General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the plaintiff demands judgment against the defendant in the sum of SEVEN HUNDRED FIFTY THOUSAND ($750,000.00) DOLLARS together with costs and interest.

## COUNT III

First:  The plaintiff reiterates all the allegations set forth in Paragraphs "First," "Second," "Third," and "Fourth," of Count II.

Second:  As a result of his injuries, the plaintiff incurred expenses for his maintenance and cure and will continue to do so all to his damage as will be shown at trial.

WHEREFORE, the plaintiff demands judgment against the defendant Fairhaven Fishing Corp. in the sum of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS together with costs and interest; and, in addition, an award of punitive damages and attorney's fees for the defendant Fairhaven Fishing Corp.'s willful and persistent failure to make prompt payment of maintenance and cure during the period of the plaintiff's disability.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES**

Plaintiff,
By his attorney,

*[signature]*

BRIAN S. MCCORMICK, ESQ.
BBO #550533
Orlando & Associates
One Western Avenue
Gloucester, MA 01930
(978) 283-8100

Dated: 3/4/04

Cases/Le/Khay/Complaint